## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN CUTCHIN, DANIEL CRAWFORD, JEROME JAMISON, ANTHONY MORROW, KEITH RHAMES, JARED SMITH and ROBERT PENA, <br><br> Plaintiffs, <br><br> -against- <br><br> CHARLES W. HOWARD, CALL-A-HEAD CORP., CALL-A-HEAD PORTABLE TOILETS, INC., <br><br> Defendants. | **COMPLAINT** <br><br> Jury Trial Demanded <br><br> 21 CV 3162 |

Plaintiffs Steven Cutchin, Daniel Crawford, Jerome Jamison, Anthony Morrow, Keith Rhames, Jared Smith and Robert Pena, by and through their attorneys, the law firm of Elefterakis, Elefterakis & Panek, allege as follows:

### PRELIMINARY STATEMENT

1.      This is an action to recover money damages arising out of defendants' violation of the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law ("NYLL").

2.      Defendants maintain and operate a portable toilet delivery and sanitation business through defendant Call-A-Head. The company services the five boroughs of

New York City, Nassau, Suffolk and Westchester counties. Defendant Charles W. Howard is the owner and Chief Executive Officer of defendant Call-A-Head.

3.    According to defendant Howard "[t]his company is like a freight train…I may be the conductor, but the employees are doing the driving." Unfortunately, despite the admittedly critical role Call-A-Head's employees' play in supporting the company, the employees are not lawfully compensated.

4.    In a recent press release issued by defendants, Call-A-Head is described as "New York's oldest and largest portable sanitation company," with "250 employees and 125 trucks running 24 hours a day." Defendants maintain their superior position in the marketplace by failing to pay their workers in accordance with the overtime provisions of the FLSA and the NYLL, keeping their payroll costs lower than honest competitors.

5.    Defendants have intentionally and willfully failed to pay plaintiffs anything beyond the first ten hours of work each day. As a result, plaintiffs worked up to thirty uncompensated overtime hours in a week.

6.    Since 2008, defendants have been sued at least nine times in the federal courts of the Second Circuit, including class and collective actions, for the same unlawful practices. In each case, defendants simply settled with the plaintiffs, but willfully continued to impose their unlawful policy on the rest of their employees.

## JURISDICTION AND VENUE

7.     This action is brought pursuant to the FLSA, 29 U.S.C. § 201 and jurisdiction is conferred by 28 U.S.C. § 1331. Plaintiffs also invoke the Court's supplemental jurisdiction in accordance with 28 U.S.C. § 1367(a).

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

9.     At all relevant times, defendants operated a commercial enterprise engaged in interstate commerce, handling goods and materials that have been manufactured or produced outside of New York and are thus subject to the requirements of the FLSA within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

10.    At all relevant times, the amount of qualifying annual volume of business for defendants exceeds $500,000.00, and thus subjects defendants to the requirements of the FLSA.

## JURY DEMAND

11.    Plaintiffs demand a trial by jury in this action.

## PARTIES

12.    At all relevant times, plaintiffs were residents of the State of New York and employed as Call-A-Head pump drivers, also known as service technicians, working to clean and maintain the company's portable toilets.

- 3 -

13.    Plaintiffs are covered employees within the meaning of the FLSA and NYLL.

14.    Defendants Call-A-Head Corp. and Call-A-Head Portable Toilets, Inc. are domestic corporations duly organized under and existing by virtue of the laws of the State of New York.

15.    Defendant Howard is Chief Executive Officer of defendants Call-A-Head Corp. and Call-A-Head Portable Toilets, Inc. Howard is in active day-to-day control and management of these corporate entities, regulates the employment of persons employed by Call-A-Head, acts directly and indirectly in the interest of Call-A-Head in relation to the employees, and is thus an employer of plaintiffs under the FLSA and the NYLL.

16.    Defendants Howard, Call-A-Head Corp. and Call-A-Head Portable Toilets, Inc. are "joint employers" as defined by the FLSA and NYLL.

17.    Defendants Howard, Call-A-Head Corp. and Call-A-Head Portable Toilets, Inc. constitute "enterprise engaged in commerce" within the meaning of the FLSA.

## STATEMENT OF FACTS

18.    Defendant Call-A-Head is a portable sanitation company providing portable toilet delivery cleaning and removal services within the State of New York.

19.     Defendants employ over 100 workers, most of whom are employed as portable toilet service technicians. Defendants have employed numerous other service technicians within the statutory period of plaintiffs' FLSA and NYLL claims.

20.     Plaintiffs' dates of employment with Call-A-Head are as follows:

|  | Start Date | End Date |
|---|---|---|
| Daniel Crawford | July 17, 2018 | May 20, 2020 |
| Steven Cutchin | April 5, 2019 | Present |
| Jerome Jamison | November 13, 2018 | Present |
| Anthony Morrow | August 1, 2019 | November 20, 2020 |
| Keith Rhames | September 1, 2019 | December 1, 2019 |
| Jared Smith | November 1, 2018 | Present |
| Robert Pena | February 1, 2018 | July 1, 2020 |

21.     Plaintiff was hired by Defendant Howard as a portable toilet service technician in or about July 2009.

22.     Plaintiffs' duties included, *inter alia*, delivering portable toilets, cleaning portable toilets and picking up portable toilets within the five boroughs of New York City, Nassau, Suffolk and Westchester counties.

23.     Plaintiff's work duties were established by defendant Howard.

24.     Plaintiffs' work has been supervised by defendant Howard continuously since they began working for defendants.

25.    At all relevant times, each of the defendants maintained control, oversight and authority over the terms and conditions of plaintiffs' employment and the payment of their wages.

26.    The work performed by plaintiffs was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

27.    Plaintiffs have been and are entitled to be paid at least one and one-half time their respective regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

28.    Plaintiffs were required to work Monday through Thursday from the start of the shift until the work was completed. They were also required to work occasional Fridays and weekend days.

29.    Pursuant to defendants' policy, plaintiffs and other service technicians were required to clock in and oud using a biometric timekeeping system, but only during their regular Monday through Thursday shifts.

30.    Pursuant to defendants' policy, plaintiffs were not permitted to record their time on defendants' biometric timekeeping system on Fridays.

31.    Because defendants actually recorded the hours worked by plaintiffs, defendants are in possession of the actual hours worked by plaintiffs on those days.

32.    Defendants maintained a policy of paying service technicians for only the first ten hours of work per day.

33.    Monday through Thursday, plaintiffs worked fourteen- to sixteen-hour days for a total of 56 to 64 hours per week, and sometimes more.

34.    On occasions when plaintiffs worked on a Friday or Saturday, they were paid some overtime, but only for the first ten hours of any shift. Plaintiffs usually worked fourteen to sixteen hours on those days, and sometimes more, but they were not paid at all for four to six, or more, of those hours.

35.    For example, if plaintiffs worked fifty-six hours from Monday through Thursday, and an additional fourteen hours on Friday, they would only be paid forty hours of straight time and ten hours of overtime, even though they worked seventy hours that week.  They received no compensation for the twenty overtime hours.

36.    Between 2012 and 2014, defendants  were required to furnish each employee  with  an  annual  notice  pursuant  to  the  Wage  Theft  Prevention  Act, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; the regular pay day; the

name of the employer and any "doing business as" names; the physical address of the employer's main office or principal place of business; and the telephone number of the employer. Since 2011, defendants have also been required to, and still are required to, provide these statements to each new employee.

37.    Defendants failed to provide the requisite Wage Theft Prevention Act Notices to plaintiffs.

**Willfulness**

38.    At all relevant times, defendants' failure to pay overtime premium pay has been willful. Defendants have had ample notice that their practices were illegal. Indeed, they have been sued at least nine times since 2008 for failing to pay overtime to their service technicians and allegedly retaliated against at least one worker for asserting his right to be paid overtime.

39.    On January 22, 2008, an action was commenced in the United States District Court for the Eastern District of New York styled, *Paulino, on behalf of himself and others similarly situated v. Call A-Head Corp. et al.,* 08 CV 302. The complaint in that action alleged that plaintiff and other workers who cleaned defendants' portable toilets usually worked fifty-five hours per week without overtime compensation. The complaint further alleged that defendant Howard

retaliated against the plaintiff by firing him when he complained about not receiving compensation for overtime.

40.     On July 17, 2008, a prospective class and collective action was commenced in the United States District Court for the Eastern District of New York, styled *Maloof* v. *Call A-Head Corp., et al.*, 08 CV 2873. The complaint in that action alleged that plaintiff and other workers who cleaned defendants' portable toilets worked well in excess of forty hours per week, but were not compensated for hours over forty.  Notice was issued to the FLSA collective and no less than fifty-nine opt-in plaintiffs joined the action.

41.     Also on July 17, 2008, an action was commenced in the United States District Court for the Eastern District of New York, styled *Gomez v. Call-A-Head Corp*, *et al.*, 08 CV 2872. The complaint in that action alleged that plaintiff worked in excess of forty hours per week as a technician cleaning defendants' portable toilets, but was only compensated straight time for the first forty hours worked.

42.     On February 9, 2009, an action was commenced in the United States District Court for the Eastern District of New York, styled *Ramirez v. Call A-Head Corp., et al.*, 08 CV 2873. The complaint in that action alleged that the plaintiff

who cleaned defendants' portable toilets worked twelve- to fourteen-hour days four days per week, but was only paid for the first forty hours that he worked.

43.     On January 25, 2010, an action was commenced in the United States District Court for the Eastern District of New York, styled *Sabino, et al. v. Call A-Head Corp., et al.*, 10 CV 317. The complaint in that action alleged that one of the plaintiffs who cleaned defendants' portable toilets worked approximately sixty hours per week, four days a week, but was only paid for forty hours of work.

44.     On June 17, 2013, a prospective collective action was commenced in the United States District Court for the Eastern District of New York, styled *Carman, et al. v. Call A-Head Corp., et al.*, 13 CV 03429. The complaint in that action alleged that the plaintiff, who cleaned defendants portable toilets, and other similarly situated workers worked sixty hours per week, four days a week, but were generally not paid anything for hours above the first forty hours.

45.     On June 5, 2014, an action was commenced in the United States District Court for the Eastern District of New York, styled *Aduleit v. Call A-Head Corp., et al.*, 14 CV 3531. The complaint in that action alleged that the plaintiff who cleaned defendants' portable toilets worked up to 56 hours per week, four days a week, but was generally not paid anything for hours above the first forty hours.

46.     On June 30, 2015, a class action was commenced in the United States District Court for the Southern District of New York, styled *Vargas, and others similarly situated v. Call A-Head Corp., et al.*, 15 CV 5101. That case, which included over 80 opt-in plaintiffs, involved the same allegations, i.e. that defendants willfully failed to pay plaintiffs, as a class of service technicians, for the overtime hours they worked each week. In granting class certification in that case, the Hon. Gregory H. Woods explained: "As if their job cleaning toilets was not challenging enough on its own, the plaintiffs here allege that the defendants forced them to work overtime hours for which they were not paid, in violation of both federal and state labor laws." *Vargas v. Howard*, 324 F.R.D. 319, 323 (S.D.N.Y. 2018).

47.     On September 29, 2017, an action was commenced in the United States District Court for the Eastern District of New York, styled *Kelly, and others similarly situated v. Call A-Head Corp., et al.*, 17 CV 5737. The complaint in that action alleged that the plaintiff who cleaned defendants' portable toilets worked in excess of forty hours per week but was not compensated for work performed beyond the first forty hours per week.

48.     Each of these cases describe the same- signature practice, requiring service technicians to work well more than forty hours per week, but paying them for only ten hours per shift, or forty hours per week.

49.     Each of these cases was settled or otherwise resolved prior to a hearing on the merits.

50.     After each of these cases was resolved, defendants continued the same practice in violation of the FLSA and NYLL.

51.     Defendants know they are violating the law. Rather than change their policy, defendants are treating the many lawsuits as a cost of doing business. However, defendants' approach violates state and federal laws against worker exploitation.

<u>FIRST CLAIM</u>
**Fair Labor Standards Act – Overtime Wages**

52.     Plaintiffs repeats and reallege each and every allegation as if fully set forth herein.

53.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA.

54.     At all relevant times, each of the defendants have been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for

commerce, within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, each defendant has employed "employee[s]," including plaintiffs.

55.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to defendants and protect plaintiffs.

56.    Plaintiffs worked in excess of forty hours per week in the relevant time period.

57.    Plaintiffs at all times relevant have been nonexempt employees of defendants.

58.    Defendants willfully failed to pay plaintiffs one-and-one-half times their regular rate of pay for all work in excess of forty hours per workweek.

59.    Defendants' unlawful conduct, as described herein, has been willful and intentional. Defendants were aware or should have been aware that the practices described herein were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

60.    Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

61.    As a result of defendants' violations of the FLSA, plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are

entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

<u>SECOND CLAIM</u>
New York Labor Law – Overtime Wages

62.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

63.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendants, and protect plaintiffs.

64.    At all times relevant plaintiffs have been non-exempt employees of defendants.

65.    Defendants have failed to pay plaintiffs overtime wages to which they have been entitled under the NYLL and the supporting New York state Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked in excess of 40 per workweek.

66.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by plaintiffs.

67.    Through their knowing or intentional failure to pay plaintiffs overtime wages for hours worked in excess of 40 hours per week, defendants have willfully

violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

68.     Due to defendants' violations of the NYLL, plaintiffs are entitled to recover from defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<u>**THIRD CLAIM**</u>
**New York Labor Law – Failure to Provide Proper Wage Statements**

69.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

70.     Defendants have willfully failed to furnish plaintiffs with statements with every payment of wages as required by NYLL, Article 6, § 195(3), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

71.     Through their knowing or intentional failure to provide plaintiff with the wage statements required by the NYLL, defendants have willfully violated NYLL,

Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

72.    Due to defendants' willful violations of NYLL, Article 6, § 195(3), plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that defendants failed to provide plaintiffs with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

<u>FOURTH CLAIM</u>
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**

73.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

74.    Defendants have willfully failed to furnish plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address

- 16 -

of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

75.     Through their knowing or intentional failure to provide plaintiffs with the annual wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

76.     Due to defendants' willful violations of NYLL, Article 6, § 195(1), plaintiffs are entitled to statutory penalties of fifty dollars for each day that defendants failed to provide plaintiffs with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

(b) Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL, Article 6, §§ 190 et seq., NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations;

(c) Unpaid overtime and spread of hours compensation, along with liquidated damages and interest, as permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Statutory penalties of fifty dollars for each day that defendants failed to provide plaintiffs with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

(e) Statutory penalties of two hundred fifty dollars for each workweek that defendants failed to provide plaintiffs with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

(f) Prejudgment and post-judgment interest;

(g) An injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

(h) Reasonable attorneys' fees and costs of the action; and

(i) Such other relief as this Court shall deem just and proper.

Dated:     June 4, 2021
           Briarcliff Manor, New York

                    Elefterakis, Elefterakis & Panek

                    _____
                    Gabriel P. Harvis
                    Baree N. Fett
                    80 Pine Street, 38th Floor
                    New York, New York 10005
                    (212) 532-1116
                    gharvis@eeplaw.com

                    *Attorneys for plaintiffs*