UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN CUTCHIN, DANIEL CRAWFORD,
JEROME JAMISON, ANTHONY MORROW,
KEITH RHAMES, JARED SMITH, ROBERT
PENA, ADOLFO FORMOSO, PATRICK WALSH,
JOSHUA VASQUEZ, SAM RICO, FERNANDO
RODRIGUEZ, GEMILIANO BRUNO, ERNESTO
VILLEGAS, WILLIAM JAMISON, PIETRO
SCIMEMI, and CHRIS THEODORE,

                Plaintiffs,          **ORDER**
     - against -                    21 CV 3162 (LB)

CHARLES W. HOWARD, CALL-A-HEAD CORP.,
and CALL-A-HEAD PORTABLE TOILETS, INC.,

                Defendants.
-------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

## BACKGROUND

Plaintiffs initially brought this action on June 4, 2021 against defendants alleging defendants violated their rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). ECF No. 1, ¶¶ 52–76. Plaintiffs were ably represented by Baree N. Fett and Gabriel Paul Harvis of Elefterakis, Elefterakis & Panek and defendants were ably represented by August R. Graff of the Scher Law Firm, LLP.

On August 30, 2024, the parties moved for approval of their settlement pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015). ECF No. 54. The Court approved the parties' settlement on September 12, 2024 and directed the Clerk of Court to close this case.[1] ECF No. 55. Now, one of the named plaintiffs, Jerome Jamison, writes to the Court stating that defendants have violated the settlement agreement. ECF No. 56. Plaintiffs' counsel responded

---

[1] The parties consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c). ECF Nos. 50, 51.

stating that they have scheduled an in person meeting with Mr. Jamison on March 26, 2025 and "intend to again explain to Mr. Jamison that there has been no material breach of the settlement agreement." ECF No. 57. Plaintiffs' counsel further states that they confirmed with the Settlement Administrator ("administrator") that defendants are current on their payments. Id.

The parties' agreement contained a section governing "Default, Acceleration and Security." ECF No. 54-1. It stated that if the administrator does not receive required payments from defendants, the administrator shall email the parties and defendants shall have a thirty-day period to cure the default. Id., ¶ 4.2.1. Furthermore, defendants executed confessions of judgment in the amount of the entire settlement agreement and attached them to the settlement agreement. Id., ¶ 4.2.2; Exhibit A. Pursuant to the agreement, plaintiffs' counsel would hold these in escrow and take appropriate steps to obtain a judgment if defendants did not cure in the thirty-day period. Id.

Plaintiff Jamison, along with his sixteen other named plaintiffs, is represented by counsel in this case. If the agreement has been breached and defendants have not cured, plaintiffs' remedy is to contact counsel who shall take appropriate action to seek a judgment on behalf of all plaintiffs.[2] Plaintiff's request to reopen this case is therefore denied.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 24, 2025
Brooklyn, New York

---

[2] Plaintiff's letter states that "as of March 17, 2025, the defendant has failed to fulfill their obligations, violating the agreement and causing financial harm to me. Despite multiple attempts to resolve the matter amicably, with our Lawyer and the Settlement Administrator they have not responded or remitted the payments as required" (sic). The Court encourages Mr. Jamison to be patient, as everything takes longer than it should. The remedy in the settlement requires notice and an opportunity to cure. If defendants default, plaintiffs' counsel must pursue a judgment against them. The Clerk of Court shall send a copy of this Order to counsel for both sides as well as to Mr. Jamison at the address on ECF No. 56. The Court appreciates plaintiffs' counsel's letter. ECF No. 57.